UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON C. BOWENS,

        Plaintiff,

       v.                                   Case No. 19-C-1540

OFFICER HOWELED, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Aaron C. Bowens, who is currently housed at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983 on October 21, 2019, alleging that his civil rights were violated. On January 15, 2020, Plaintiff filed a motion for leave to file an amended complaint and attached a proposed amended complaint. The court will grant Plaintiff's motion to file an amended complaint. This matter comes before the court for screening Plaintiff's amended complaint. Also pending before the court is Plaintiff's motion to proceed without prepaying the full filing fee.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $26.49. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on September 21, 2019, a seemingly mentally unstable inmate was placed into Cell 28. On September 22, 2019, the inmate was standing under the television in the dayroom with a hand next to his ear appearing to be having a conversation with someone on an imaginary telephone. At one point, the inmate approached Plaintiff, who was sitting in a chair, and stated that his father had just informed him on his imaginary telephone that Plaintiff was

2

responsible for the murder of his grandmother and brother. Plaintiff was taken aback by the allegation and stated that he had done no such thing and there must be some mistake. The inmate responded that he was absolutely certain Plaintiff was the one who had murdered his grandmother and brother and invited Plaintiff to enter the housing pod gym to fight.

Plaintiff declined the inmate's invitation to fight. The inmate seemed agitated and explained that, if Plaintiff did not get up and follow him into the gym, he was going to beat Plaintiff where he sat. Defendant Howeled was standing approximately 15 to 20 feet away from the interaction and asked the inmate to step into the hallway so they could talk. The inmate told Howeled to stop talking and call his ride because he was about to beat Plaintiff up. The inmate then took his shirt off and instructed Plaintiff to stand up so he could beat him up. The inmate paused briefly to listen to his imaginary telephone, then exclaimed loudly, "I'm gonna kill him" and advanced toward Plaintiff.

Plaintiff attempted to get up to move away, but the inmate grabbed Plaintiff by the neck and forced him back down in the chair. Plaintiff then proceeded to defend himself against the inmate's physical assault. Plaintiff claims that, while he was being physically assaulted by the inmate, Defendant Howeled failed to intervene. Even when he witnessed the unmistakable signs of aggression being displayed by the inmate preceding his assault on Plaintiff, Defendant Howeled did not radio for assistance, instruct the inmate to lock in his cell, or prevent an escalation of the hostile situation. Plaintiff asserts that instead, Defendant Howeled allowed the inmate's aggression to progress until culminating into the assault.

Plaintiff alleges that, eventually, Officer Oliaz radioed for additional officers who, upon their arrival, had to deploy a taser against the inmate to subdue him and gain his compliance. Following the assault, Plaintiff was assessed by medical staff. Plaintiff had a busted lip and

3

reported neck and back pain as well as a severe headache. Plaintiff claims that Defendant Dobson failed to conduct a meaningful review of Plaintiff's grievance appeal.

### THE COURT'S ANALYSIS

Plaintiff claims Defendant Howeled failed to protect him from the inmate's attack. The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on jail officials to ensure that inmates receive adequate food, clothing, shelter, and medical care and to take reasonable measures to guarantee an inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see* U.S. Const. amend. VIII. Jail officials have a duty to protect inmates from violence caused by other inmates when they are aware that the inmate faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847; *see also Pierson v. Hartley*, 391 F.3d 898, 903–04 (7th Cir. 2004). In this case, Plaintiff alleges that, even though Defendant Howeled saw unmistakable signs of aggression being displayed by the inmate preceding his assault on Plaintiff, he did not take any action to mitigate the risk. At this stage, Plaintiff has stated a failure to protect claim against Defendant Howeled.

Plaintiff also claims that Defendant Dobson failed to conduct a meaningful review of Plaintiff's grievance appeal. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). As a result, any allegations of mishandling of an inmate's grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim. *Id.* Because Defendant Dobson did not cause the underlying conduct Plaintiff complained of in his grievance, Plaintiff has failed to state a claim against him. Defendant Dobson is therefore dismissed as a defendant.

4

The court finds that Plaintiff may proceed on his failure to protect claim against Defendant Howeled.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend his complaint (Dkt. No. 16) is **GRANTED**. The Clerk of Court is directed to detach and e-file the amended complaint (Dkt. No. 16-1) as well as the exhibits attached to it (Dkt. No. 16-2).

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Dobson is **DISMISSED** as a defendant.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of Plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, the defendant shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $323.51 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined. A copy should also be sent to Dennis Brand at the Milwaukee County Jail.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 3rd day of February, 2020.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court